UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON CAMPOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　Defendant. | Case No. 22-cv-05781-JSW<br><br>**ORDER GRANTING, IN PART, *EX PARTE* APPLICATION FOR PERMISSION TO CONDUCT LIMITED DISCOVERY PRIOR TO RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 5 |

　　　　Now before the Court for consideration is the *ex parte* application for permission to conduct limited discovery prior to a Rule 26(f) conference.  Plaintiff alleges that certain telephone and financial accounts were hacked and asks the Court to issue subpoenas to three entities to obtain IP addresses that have accessed her accounts.  The three entities are T-Mobile U.S., Inc., Verizon Communications, Inc., and Merrill Lynch & Co.  Plaintiff alleges that the unknown defendants violated the Computer Fraud and Abuse Act ("Section 1030(g)"), 18 U.S.C. section 1030(g) and California's Computer Data Access and Fraud Act, California Penal Code section 502 ("Section 502").  Plaintiff also brings a claim for invasion of privacy.

　　　　One of the factors the Court must consider is whether Plaintiff's motion could withstand a motion to dismiss.  *See, e.g., Gillespie v. Civiletti,* 629 F.2d 637, 643 (9th Cir. 1980); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999).  "A conclusory pleading will never be sufficient to satisfy this element." *Columbia Ins.*, 185 F.R.D. at 579.  Although Plaintiff provides the dates on which she allegedly was hacked, the only details of what occurred relate to the unauthorized access of her T-Mobile account.  The remainder of Complaint is largely conclusory.

　　　　Moreover, Plaintiff alleges that she learned her Merrill Lynch account was accessed

without authorization on or about April 26, 2019, that in June 2019, she was informed there was a gold iPad linked to her personal Verizon account, and that on April 30, 2022, she was alerted of an unauthorized access to her personal T-Mobile account. (Compl. ¶¶ 10-12.) The statute of limitations for violations of Section 1030(g) and for invasion of privacy is two years, and the statute of limitations for violations of Section 502 is three years. Plaintiff does not allege that she discovered any damage after she was informed of the intrusions into her accounts. Thus, on the face of her Complaint, Plaintiff's claims relating to the unauthorized access of her Merrill Lynch and Verizon accounts would be time barred.

As to the remainder of the factors the Court must consider, the Court concludes Plaintiff has demonstrated that she has endeavored to discover the identity of the individual(s) or entity(ies) that accessed the T-Mobile account and that it is likely there is an actual person behind that conduct. Finally, Plaintiff has shown the discovery she requests is likely to lead to identifying the defendant(s) currently identified as Does. *Columbia Ins.*, 185 F.R.D. at 578-80.

Accordingly, the Court GRANTS the application, in part and will permit Plaintiff to issue the subpoena to T-Mobile. The Court DENIES the remainder of the application without prejudice. Plaintiff may renew requests for subpoenas to Merrill Lynch and Verizon if she is able to amend her Complaint to show claims relating to those accounts would not be barred by the statutes of limitations. Plaintiff shall issue and personally serve the proposed subpoena to T-Mobile that is attached to the Declaration of Jafer Jaffery, with a copy of this Order.

**IT IS SO ORDERED**.

Dated: October 26, 2022

JEFFREY S. WHITE
United States District Judge